# United States Court of Appeals
# for the Fifth Circuit

---

No. 19-60462
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2020

Lyle W. Cayce
Clerk

David Alberto Zavaleta Mejia,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 074 509

---

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

Per Curiam:*

David Alberto Zavaleta Mejia, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) that dismissed his appeal from the denial of his application for withholding of removal and for protection under the Convention Against Torture (CAT)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and denied his motion to remand the proceeding to consider his eligibility for cancellation of removal. On appeal, he presents claims that pertain only to the denial of his motion for remand. Therefore, he has abandoned any challenge to the BIA's determinations as to his requests for withholding of removal and protection under CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the denial of a motion for remand under the same highly deferential abuse-of-discretion standard that applies to a motion to reopen. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). The BIA's decision will be upheld as long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary. *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Zavaleta Mejia argues that service of his notice to appear did not end his continuous physical presence in the United States because that notice did not specify the date and time of his initial removal hearing. He contends that *Pereira* did not establish that a later-issued notice of hearing may perfect the notice to appear and end a noncitizen's period of continuous presence. Zavaleta Mejia argues that the BIA, which relied on its decision in *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (BIA 2019), wrongly decided that his motion for remand should be denied because he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

After *Pereira*, we have held, consistent with *Mendoza-Hernandez*, that a notice to appear is perfected, and an alien's continuous physical presence ends, when he receives all required information, even if the information is set forth in more than one document. *Yanez-Pena v. Barr*, 952 F.3d 239, 241, 245 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208); *see also Pierre-Paul v. Barr*, 930 F.3d 684, 690 (5th Cir. 2019), *cert. denied*, 140

No. 19-60462

S. Ct. 2718 (2020).  Zavaleta Mejia therefore was not eligible for cancellation of removal.  His notice to appear was perfected, and his period of continuous physical presence ended, when the immigration court mailed a hearing notice to him that contained the required information.  *See Yanez-Pena*, 952 F.3d at 241, 245-46.  The service of the notice of hearing was done within 10 years of his entry into the United States.  *See* 8 U.S.C. § 1229b(b)(1).

Therefore, the BIA did not abuse its discretion by denying the motion to remand.  *See Yanez-Pena*, 952 F.3d at 245-46; *Milat*, 755 F.3d at 365.  The petition for review is DENIED.